# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMY LYNN MATTSON,

Plaintiff,

v.

AURORA HEALTH CARE,

Defendant.

Case No. 26-CV-502-JPS
7th Circuit Case No. 26-2038

**ORDER**

## 1. INTRODUCTION

In March 2026, Plaintiff Amy Lynn Mattson ("Mattson") filed a complaint under seal, alleging that Defendant Aurora Health Care ("Aurora") engaged in, inter alia, employment discrimination. In April 2026, the Court screened her complaint and dismissed her case. ECF No. 20. Now before the Court are Mattson's two motions to reopen. ECF Nos. 24 and 48. Also before the Court is her one-sentence motion "to seal everything you can." ECF No. 27. Separately, she filed several motions to seal certain documents. ECF Nos. 31, 32, 35, 42, and 49. As Mattson has appealed, ECF No. 25, there is also a motion to proceed on appeal without prepayment of the filing fee. ECF No. 26. Mattson has also moved, twice, to appoint counsel. ECF Nos. 34 and 48. More recently, Mattson has moved for the Court to issue a ruling and for a status update. ECF Nos. 45 and 46. Mattson has also moved to supplement the record in this case. ECF No. 44 (citing ECF No. 44-1). The Court will address her motions to reopen and resolve each of her remaining motions in turn.

## 2. MOTIONS TO REOPEN

The Court will begin its analysis with Mattson's first motion to reopen and for relief under Federal Rule of Civil Procedure 60. Rule 60(b) allows the Court to vacate a prior order based on a mistake, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co*., 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ*., 32 F.3d 1114, 1116 (7th Cir. 1994)). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014) (citing *Wickens*, 620 F.3d at 759).

In her first motion to reopen, which again is one sentence, Mattson states that the Court should reopen the case "based on newly submitted documents received" the day after the Court dismissed her case, which "alleged fraud, and other procedural irregularities." ECF No. 24 at 1. Mattson attaches an email sent to herself, ECF No. 24-1 at 1, seemingly documenting the steps she has taken to advance this litigation and a copy of the docket sheet in her other closed federal case, *id*. at 2–4, which the Court acknowledged in its original screening order. ECF No. 20 at 1. This information is not relevant and is not sufficient to support her statement that there is new evidence or that Aurora committed fraud in this case. These allegations fall short of the high standard required under Rule 60(b) and, therefore, Mattson's motion, ECF No. 24, does not warrant relief under Rule 60(b) and will be denied.

Plaintiff's second motion to reopen, ECF No. 48, fares no better. While the Court is sympathetic to Plaintiff's health situation, it does not change the fact that this litigation, by Plaintiff's own words, is a

continuation of her case before Judge Lynn Adelman that resolved over a decade ago regarding the denial of her short-term disability benefits. *Id*. at 1 ("I am seeking to reopen this matter specifically regarding the denial of my [s]hort-[t]erm disability by Aurora Health Care on February 26, 2014"); *see also Mattson v. Aurora Health Care*, Case No. 14-CV-166-LA (E.D. Wis. 2014).

**3. MOTIONS TO SEAL**

The Court will now address Mattson's motions to seal. To begin, Mattson's one-sentence "motion to seal everything you can," ECF No. 27, is inadequate. *Kibbons v. Peloso*, No. 25-1390, 2025 WL 3565846, at *3 (7th Cir. 2025) (noting that parties cannot preserve an argument by presenting it in general terms and that they have a "responsibility to allege facts and indicate their relevance under the correct legal standard." (citing *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010) and quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008)). Indeed, "[i]t is not this Court's task to divine" what documents Mattson "believes worthy of secrecy." *Univ. Accounting Servs. LLC v. Scholarchip Card, LLC*, No. 17-CV-901-JPS, 2017 WL 2982995, at *1 (E.D. Wis. July 11, 2017) (citing *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). As such, this motion to seal, ECF No. 27, will be denied. Mattson's more recent motions to seal, ECF Nos. 32 and 35, are similarly overbroad. ECF No. 32 ("Please seal all documents please"); ECF No. 35 (requesting that the Court seal documents concerning the "safety and security" of her family). As such, these motions will be denied as well.

On the other hand, Mattson's motions to seal documents concerning her medical matters, ECF No. 31, 42, and 49, while perhaps overbroad, are sufficient, in light of Mattson's pro se status, to alert the Court that certain

filings may contain sensitive health information. Such materials warrant protection. ECF No. 20 at 11 (citing *Elder Care Providers of Ind., Inc. v. Home Instead, Inc*., No. 1:14-cv-01894-SEB-MJF, 2015 WL 4425679, at *3 (S.D. Ind. July 16, 2025) and *Alloc, Inc. v. Pergo*, LLC, No. 00-C-999, 2009 WL 5064569, at *1 (E.D. Wis. Dec. 15, 2009)). Accordingly, the Clerk of Court shall maintain the documents at ECF Nos. 31-1, 33, 36, 36-1, and 38, 42-1, 50, and 51 under seal until further order of the Court.

**4. MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Next, the Court will address Mattson's motion to proceed on appeal without prepayment of the filing fee. ECF No. 26. A plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Plaintiff takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. "A district court should not apply an inappropriately high standard when making a good faith determination." *McCaa v. Hamilton*, No. 16-CV-175-JPS, 2019 WL 1714216, at *1 (E.D. Wis. Apr. 16, 2019) (citing *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998)). "The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis." *Vogt v. Raymond James Fin. Servs., Inc.*, No. 09-CV-83, 2009 WL 10675766, at *1 (E.D. Wis. Oct. 5, 2009) (citing *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988)).

Here, the Court found that one of Mattson's retaliation claims was frivolous and that the other was time-barred by at least eight years. *See*

*generally* ECF No. 20. A reasonable person could suppose that the appeal has some merit on the statute of limitations issue. *See id*. at 8 n.3. Given the lenient standard by which the Court must abide, the Court will allow Mattson to proceed on appeal without prepayment of the filing fee.

**5. MOTIONS TO APPOINT COUNSEL**

As a civil litigant, Mattson has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc)). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The Court should seek counsel to represent a plaintiff if: (1) she has made reasonable attempts to secure counsel; and (2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Pruitt*, 503 F.3d at 655. "[T]he movant has a threshold burden of showing that [she has] made a reasonable attempt to secure private counsel." *Williams v. Brann*, No. 02-C-940, 2006 WL 776764, at *1 (E.D. Wis. Mar. 27, 2006) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). Whether to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 328 (citing *Pruitt*, 503 F.3d at 658).

In her first motion to appoint counsel, Mattson does not assert or suggest that she has reached out to any attorneys. ECF No. 34 (alleging only that she needs help to organize her case). In her second motion to appoint counsel, she has asserted that "she has found it nearly impossible to secure independent legal counsel." ECF No. 48 at 1. Both motions are insufficient to meet the threshold showing requirement. *Moore v. Rozmarynoski*, No. 17-cv-122-pp, 2017 WL 4535935, at *2 (E.D. Wis. Oct. 10, 2017) ("[G]enerally, the court asks a plaintiff to contact at least three attorneys regarding h[er]

case.”). Because Mattson has not met this threshold showing, the Court declines to consider the difficulty of this case. The Court will deny both her motions to appoint counsel.

## 6. REMAINING MOTIONS

Mattson has also filed a motion for the Court to issue a ruling on the pending motions, ECF No. 45, and a motion for a status update in this case. ECF No. 46. As the Court is ruling on the pending motions now, the Court will deny these motions as moot. Mattson also moved to supplement the record in this case, referencing ECF No. 44-1, a document which contains the Seventh Circuit’s docket history since Mattson filed an appeal in this case. As that information is already part of this case, the Court will deny the motion to supplement, ECF No. 44, as moot.

## 7. CONCLUSION

Mattson’s motions to reopen, ECF No. 24 and 48, will be denied. Mattson’s motion to “seal everything you can” will be denied. ECF No. 27. Mattson’s subsequent motions to seal, ECF Nos. 32 and 35, will also be denied. Mattson’s motions to seal, ECF No. 31, 42 and 49, the documents concerning her medical information will be granted. Accordingly, the Clerk of Court shall maintain the documents at ECF Nos. 31-1, 33, 36, 36-1, 38, 42-1, 50, and 50-1 under seal until further order of the Court. Mattson’s motion to proceed without prepayment of the filing fee on appeal will be granted. ECF No. 26. Mattson’s motions to have counsel appointed will be denied. ECF No. 34 and 48. Mattson’s motions for the Court to issue a ruling on the pending motions, ECF No. 45, and a motion for a status update, ECF No. 46, will be denied as moot, as will her motion to supplement. ECF No. 44.

Accordingly,

**IT IS ORDERED** that Plaintiff Amy Lynn Mattson's motions to reopen the case and for relief from judgment, ECF No. 24 and 48, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motion to "seal everything you can," ECF No. 27, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motions to seal documents concerning the safety and security of her family, ECF Nos. 32 and 35, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motions to seal, ECF No. 31, 42, and 49, be the same are hereby **GRANTED**; the Clerk of Court shall maintain the documents at ECF No. 31-1, 33, 36, 36-1, 38, 42-1, 50, and 50-1 under seal until further order of the Court;

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motion to proceed on appeal without prepayment of the filing fee, ECF No. 26, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motions to appoint counsel, ECF No. 34 and 48, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motions for the Court to issue a ruling and for a status update, ECF Nos. 45 and 46, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff Amy Lynn Mattson's motion to supplemental the record, ECF No. 44, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge